JN:OO
F. #2021R00122

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

FRANTZ SIMEON,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 1:21-cr-00479(BMC)(MMH)
(T. 18, U.S.C., §§ 981(a)(1)(C), 1341, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendant and Relevant Entities

    1.    The defendant FRANTZ SIMEON was a resident of Brooklyn, New York.

    2.    First Black Enterprises, Inc. ("First Black Enterprises") was a New York corporation with its principal places of business in New York, New York and Jamaica, New York. First Black Enterprises was incorporated by the defendant FRANTZ SIMEON in or about November 2018. SIMEON also operated First Black Enterprises, which purported to: (1) invest money on behalf of clients, which SIMEON falsely claimed yielded a monthly interest payment of ten percent of the principal invested; and (2) buy, fix and resell foreclosed homes, which SIMEON falsely claimed led to a profit margin of more than 100 percent.

II.    The Fraudulent Scheme

    3.    In or about and between February 2019 and December 2020 (the "Relevant Time Period"), the defendant FRANTZ SIMEON orchestrated a fraudulent scheme

involving two related frauds, the "Monthly Interest Investment" fraud and the "Foreclosure Investment" fraud, in furtherance of which, SIMEON mailed investors and potential investors in First Black Enterprises (collectively, the "Investors") small payments that purported to represent interest payments or returns on investment but were instead designed to conceal the fraud and elicit further investments, and in connection with which SIMEON misappropriated the Investors' funds.  SIMEON enticed at least seven investors, including Investor 1, Investor 2, Investor 3, Investor 4, Investor 5, Investor 6 and Investor 7, individuals whose identities are known to the Grand Jury, to invest approximately $350,000 with First Black Enterprises in connection with the Monthly Interest Investment and the Foreclosure Investment frauds.

        A.      <u>The Monthly Interest Investment Fraud</u>

        4.      During the Relevant Time Period, the defendant FRANTZ SIMEON solicited investments in First Black Enterprises, in connection with which SIMEON engaged in a scheme to defraud the Investors through the Monthly Interest Investment fraud.  In particular, SIMEON made material misrepresentations and omissions to the Investors relating to, among other things: (1) the intended use of the Investors' funds; (2) the experience, expertise and success of SIMEON in investing; (3) the rates of return historically achieved by First Black Enterprises; (4) the likely projected future rates of return achievable by First Black Enterprises; (5) the general risk of investing with First Black Enterprises; and (6) an insurance program purportedly maintained by First Black Enterprises, which SIMEON claimed would pay the Investors the principal balance invested, even in the event of SIMEON's death.  SIMEON also guaranteed certain Investors a ten percent monthly interest payment.

        5.      During the Relevant Time Period, the defendant FRANTZ SIMEON conducted periodic meetings with the Investors by telephone and at First Black Enterprises

offices in New York, New York and Jamaica, New York, during which SIMEON discussed with the Investors investing with First Black Enterprises. At the meetings, SIMEON falsely represented to the Investors, among other things, that SIMEON had over 20 years' experience in investing, and that investing with First Black Enterprises would generate a guaranteed rate of return.

6. For example, in or about and between February 2019 and May 2019, the defendant FRANTZ SIMEON met with Investor 1. SIMEON told Investor 1 that Investor 1 could invest $5,000 to $10,000 with First Black Enterprises and receive a ten percent guaranteed interest payment each month. SIMEON showed Investor 1 photographs of various out-of-state properties that SIMEON falsely claimed to own and also falsely told Investor 1 that he owned a limousine company in New Jersey. SIMEON told Investor 1 that he could not disclose to Investor 1 precisely how Investor 1's money would be invested to preserve SIMEON's business relationships and contacts. SIMEON falsely asserted that the money Investor 1 provided to First Black Enterprises would be insured such that Investor 1 would continue to receive payments even in the event of SIMEON's death. Based on the misrepresentations made by SIMEON, Investor 1 provided First Black Enterprises with over $100,000 to invest.

7. Similarly, in or about August 2020, the defendant FRANTZ SIMEON met with Investor 2 at First Black Enterprise's office in New York, New York. SIMEON stated that he could not disclose to Investor 2 precisely how Investor 2's money would be invested to preserve SIMEON's intellectual property. However, SIMEON represented that Investor 2 would receive a ten percent monthly interest payment, minus a two percent referral fee to Investor 1, who introduced Investor 2 to SIMEON. SIMEON further falsely represented that there would be no penalties, taxes or fees if Investor 2 withdrew Investor 2's money, and that

Investor 2 could withdraw the principal invested at any time with 30-days' notice to SIMEON. As a result of the misrepresentations made by SIMEON, Investor 2 invested approximately $10,000 with First Black Enterprises.

8.      In furtherance of the fraudulent scheme and during the Relevant Time Period, the defendant FRANTZ SIMEON directed the Investors, in person and over the telephone, to send First Black Enterprises funds for the purported investment opportunity. SIMEON provided the Investors with small payments, at times by mail through the Eastern District of New York, that purportedly represented returns on their investment, which were not investment returns. Instead, the payments were made to perpetuate the scheme by inducing the Investors to send additional investments, reinvesting the payments into First Black Enterprises and recruiting additional investors to continue the scheme. As a result of the scheme perpetrated by SIMEON, Investor 1 suffered a total net loss of approximately $67,700, and Investor 2 suffered a total net loss of approximately $9,200.

B.      The Foreclosure Investment Fraud

9.      As part of his fraudulent scheme, the defendant FRANTZ SIMEON also engaged in the Foreclosure Investment fraud, as part of which he made material misrepresentations and omissions to the Investors concerning purported investments into foreclosed homes offered by First Black Enterprises.

10.     During the Relevant Time Period, the defendant FRANTZ SIMEON solicited and received funds from the Investors based on fraudulent misrepresentations that First Black Enterprises and SIMEON would use the Investors' money for real estate transactions in which SIMEON would purchase real estate on behalf of the Investors and sell it to prospective buyers at a higher price, also referred to as "flipping" the property. SIMEON further

represented that, in some cases, First Black Enterprises would purchase real estate on behalf of the Investors and provide the properties to the Investors at cost.

11. For example, during the Relevant Time Period, the defendant FRANTZ SIMEON told Investor 1 that SIMEON was in the business of purchasing foreclosed homes for a discounted rate through First Black Enterprises. SIMEON further stated that after purchasing the properties, he fixed them and sold them for a profit. In or about May 2019, SIMEON convinced Investor 1 to bring $20,000 to a meeting, at which time, based on the misrepresentations made by SIMEON, Investor 1 provided SIMEON with $20,000 to invest in First Black Enterprises—$10,000 for investment in the Monthly Interest Investment and $10,000 in the Foreclosure Investment. With respect to the Foreclosure Investment, SIMEON told Investor 1 that SIMEON would purchase an investment property for approximately $40,000 for Investor 1, renovate the home, and sell the home for over $200,000.

12. In or about June 2019, Investor 1 provided SIMEON an additional approximately $63,000 for investment in the Home Foreclosure Investment. SIMEON told Investor 1 that First Black Enterprises had purchased properties in South Ozone Park, New York and Astoria, New York (the "Investment Properties") and that First Black Enterprises was renovating the Investment Properties for Investor 1. At a subsequent meeting with Investor 1, SIMEON told Investor 1 that First Black Enterprises would finish renovations on the Investment Properties in six to 12 months. SIMEON never provided Investor 1 with any documentation that the Investment Properties had been purchased or renovated, and never turned over ownership of the Investment Properties to Investor 1.

13. On or about September 24, 2019, the defendant FRANTZ SIMEON sent Investor 1 a photograph of a house in Jamaica Estates, New York (the "Jamaica House") and

represented to Investor 1 that SIMEON was going to sell one of the Investment Properties and purchase the Jamaica House for Investor 1 and Investor 1's family to use as a residence. Although SIMEON never provided Investor 1 with the address of the Jamaica House or documentation showing it had been purchased, SIMEON later told Investor 1 that the Investment Properties and the Jamaica House had been sold and that Investor 1 would receive payment in December 2020. SIMEON never provided Investor 1 with any of the promised payments for the Investment Properties or the Jamaica House.

14. Similarly, in or about April 2019, the defendant FRANTZ SIMEON met with Investor 3 at First Black Enterprise's office in New York, New York. SIMEON told Investor 3 that he would purchase a foreclosed home for between $25,000 and $30,000, renovate the home and Investor 3 could sell it for a profit. At that meeting, Investor 3 provided SIMEON with approximately $5,000 in exchange for First Black Enterprises investing in a foreclosed home for Investor 3 to use as a personal residence. Following the meeting, SIMEON sent Investor 3 photographs of a home in Hempstead, New York, which SIMEON asserted First Black Enterprises had purchased and was renovating for Investor 3. SIMEON told Investor 3 that First Black Enterprises would only charge Investor 3 for the cost of the home and the original estimated cost of renovations. In or about July 2020, SIMEON told Investor 3 that Investor 3 could move into the purchased home within two weeks. In fact, SIMEON never provided Investor 3 with the title for the property or any documentation that SIMEON purchased or renovated a property for Investor 3, and Investor 3 never received payment from SIMEON for any property.

15. Neither Investor 1 nor Investor 3 ever received any returns on the Foreclosure Investments and, other than receiving nominal payments of what the defendant

FRANTZ SIMEON purported to be returns on investment, the Investors never received the full amount of their investment back.

### C. The Misappropriation of Investor Funds

16. The money provided by the Investors to the defendant FRANTZ SIMEON and First Black Enterprises in connection with the Monthly Interest Investment and the Foreclosure Investment frauds was deposited into a bank account at Bank 1, the identity of which is known to the Grand Jury, held in the name of First Black Enterprises ("Bank Account 1"). SIMEON maintained exclusive signatory authority over Bank Account 1. SIMEON collected payments from the Investors in the Eastern District of New York and elsewhere and, on approximately nine occasions, wired the fraudulently obtained funds from the United States to bank accounts located in China. Additionally, SIMEON misappropriated some of the money in the form of checks payable to SIMEON, SIMEON's family and for personal expenses of SIMEON and others.

17. For example, on or about May 6, 2019, the defendant FRANTZ SIMEON deposited two $10,000 investment checks from Investor 1 into Bank Account 1. Prior to the deposit, the balance in Bank Account 1 was $150. On or about May 7, 2019, SIMEON withdrew $1,000 in cash from Bank Account 1. On or about May 8, 2019, SIMEON issued a check in the amount of $1,000 to himself from Bank Account 1. On or about May 8, 2019, SIMEON issued another check for $1,200 to one of his family members from Bank Account 1. In addition, on or about and between July 30, 2019 and July 8, 2020, SIMEON issued checks totaling approximately $7,350 to SIMEON and family members for travel expenses.

18. In another example, on February 10, 2020, the defendant FRANTZ SIMEON deposited a $10,000 investment check from Investor 4 into Bank Account 1. On the same day, SIMEON issued three checks totaling approximately $12,000 to himself from Bank Account 1 and withdrew $800 in cash from Bank Account 1. On approximately four occasions, SIMEON issued checks to individuals, which SIMEON designated as loans, including a June 5, 2019 check in the amount of $1,000 that SIMEON issued from Bank Account 1 to himself. SIMEON also transferred approximately $40,300 in funds from Bank Account 1, to Person 1, an individual whose identity is known to the Grand Jury, which were used to pay for, among other things, rent and equipment for a beauty salon.

19. Other than nominal payments made by the defendant FRANTZ SIMEON to certain investors, purportedly representing interest or investment returns, the Investors lost their entire investments, resulting in more than $200,000 in losses. None of the Investors obtained titles to real property, earned a profit on their purported investments or received repayment of the full principal investment from the insurance policy touted by SIMEON and First Black Enterprises.

COUNTS ONE THROUGH FOUR
(Mail Fraud)

20. The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

21. On or about each of the dates set forth below, within the Eastern District of New York and elsewhere, the defendant FRANTZ SIMEON, together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, SIMEON did place and

caused to be placed one or more matters and things in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and did take and receive therefrom such matters and things, as described below:

| Count | Approximate Date of Mailing | Description |
|---|---|---|
| ONE | June 6, 2019 | Mailed check in the amount of $1,000 from First Black Enterprises to Investor 1 using United States Postal Service from New York, New York to Jamaica, New York |
| TWO | May 29, 2020 | Mailed checks in the amount of $250, $500 and $500 from First Black Enterprises to Investor 4 using United States Postal Service from New York, New York to Far Rockaway, New York |
| THREE | July 16, 2020 | Mailed check in the amount of $1,000 from First Black Enterprises to Investor 1 using United States Postal Service from New York, New York to Jamaica, New York |
| FOUR | August 31, 2020 | Mailed check in the amount of $1,000 from First Black Enterprises to Investor 5 using United States Postal Service from New York, New York to Jamaica, New York |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

22. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a)  cannot be located upon the exercise of due diligence;

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2021R00122
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

FRANTZ SIMEON,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1341, 2 and 3551 et seq.; T. 21, U.S.C. § 853(p), T. 28, U.S.C. § 2461(c))

*A true bill.*

_____

*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____

*Clerk*

Bail, $ _____

**Olatokunbo Olaniyan, Assistant U.S. Attorney (718) 254-6317**